UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE WEBSTAURANT STORE, INC., <br><br> Plaintiff, <br><br> v. <br><br> EVERYTHING IS IN STOCK LLC d/b/a ELITE RESTAURANT EQUIPMENT, <br><br> Defendant. | Case No. 20–cv–02558–CCC–ESK <br><br><br> OPINION AND ORDER DENYING REQUEST TO BIFURCATE |

**THIS MATTER** having come before the Court on defendant's letter application seeking to bifurcate discovery for the issues of liability and damages (ECF No. 23) pursuant to Federal Rule of Civil Procedure (Rule) 42(b) and 26; and plaintiff having opposed the request (ECF No. 24); and the Court having reviewed the submissions of the parties and finding:

### BACKGROUND

1. Plaintiff filed its complaint on March 9, 2020. (ECF No. 1.)

2. Defendant filed a motion to dismiss on April 7, 2020. (ECF No. 6.) Plaintiff, in response, filed an amended complaint on April 28, 2020. (ECF No. 9 (Am. Compl.).)

3. Plaintiff claims defendant, a direct competitor, is infringing on plaintiff's copyrights and violating the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1200 *et seq.*, by reproducing plaintiff's copyrighted images and displaying them on defendant's website without plaintiff's consent. (Am. Compl. ¶¶ 3, 10, 11.)

4. On May 8, 2020, defendant filed a motion to dismiss plaintiff's amended complaint.[1] (ECF No. 11.) Defendant opposed the motion to dismiss. (ECF No. 12.)

---

[1] Defendant notes that the amended complaint is plaintiff's third attempt to "state any cognizable claim against [defendant]." Plaintiff filed a similar lawsuit in the Eastern District of Pennsylvania, but voluntarily dismissed the case before the court ruled on defendant's motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. (ECF No. 11 pp. 5–7.)

5. On June 5, 2020, defendant filed a letter application seeking to bifurcate liability and damages, and "thereby stay damages discovery pending the completion of liability discovery pursuant to FRCP 42(b) and 26." (ECF No. 23 p. 1.) Plaintiff opposed the application. (ECF No. 24.)

## ANALYSIS

6. A Court may bifurcate the issues in a case pursuant to Rule 42(b) when such an action would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256 (D.N.J. 1997).

7. The party seeking bifurcation bears the burden of demonstrating that judicial economy would be promoted and that no party will be prejudiced by bifurcation. *Id.*

8. Courts have wide discretion to bifurcate issues and claims. Fed. R. Civ. P. 42(b). However, bifurcation is the exception rather than the rule in managing cases. *Graco, Inc. v. PMC Global, Inc.*, No. 08-01304, 2009 WL 904010, at *36 (D.N.J. Mar. 31, 2009).

9. Factors to consider are whether there is overlap in testimony and evidence concerning liability and damages, the issues are complex, bifurcation will promote settlement, and a single trial will cause unnecessary delay. *Rodin Prop.-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F.Supp.2d 709, 721 (D.N.J. 1999).

10. At this stage of the litigation, it is not clear whether there will be substantial overlap in discovery relating to liability and damages. However, this matter does not appear to be the type of "complex" intellectual property dispute that courts have been "more willing to bifurcate." *Graco, Inc.,* 2009 WL 904010, at *36. For example, defendant's Rule 26 initial disclosures identify only a single individual "having discoverable information relating to the claims in this matter." (ECF No. 24 p. 3.)

11. Defendant also argues that it will be prejudiced without bifurcation because plaintiff has demanded a broad swath of sensitive financial information. (ECF No. 23 p. 5.) Concerns about the sensitivity of financial documents and the breadth of plaintiff's demand can be addressed through appropriate designations under the Discovery Confidentiality Order (ECF No. 27) or an application to the Court for appropriate limitations on plaintiff's demands.

12. Additionally, plaintiff will likely be prejudiced by additional expenses and costs if discovery were bifurcated. For example, defendant's only witness with relevant information would likely need to be deposed twice, once in the liability phase and then again in the damages phase. Defendant's argument that this matter will

"probably involve expensive expert testimony" and that the damages issues will be "particularly complex" (ECF No. 23 p. 4), moreover, is not supported by the underlying allegations and the nature of the matter.  Other than general statements of "complexity," defendant has not proffered information demonstrating the complexity of the technical issues in the case, the potential volume of financial information to be produced, and why expert testimony will be substantially more complex than other commercial disputes that require the review of financial documents as part of the determination of damages.

13. Finally, discovery concerning damages would promote settlement discussions.  Indeed, plaintiff would not be able to evaluate its potential damages without some discovery relating to defendant's sales and profits.

Accordingly,

**IT IS** on this   **15th** day of **July 2020**   **ORDERED** that defendant's request to bifurcate discovery for the issues of liability and damages (ECF No. 23) is **DENIED**.

> _/s/ Edward S. Kiel_
> **EDWARD S. KIEL**
> **UNITED STATES MAGISTRATE JUDGE**